Electronically Filed
11/10/2020 5:35 PM
Hidalgo County District Clerks
Reviewed By: Reynaldo Garcia

CAUSE NO. C-3356-20-L

| | | |
|---|---|---|
| EDGAR ANDRES PENA-GONZALEZ<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 464th JUDICIAL DISTRICT |
| SAM'S EAST INC., D/B/A "SAM'S CLUB"<br>Defendant | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **EDGAR ANDRES PENA-GONZALEZ**, Plaintiff, and files this Original Petition complaining of **SAM'S EAST INC., D/B/A "SAM'S CLUB"**, Defendant, and for cause of action shows:

**1. DISCOVERY CONTROL PLAN**

Plaintiff intends to proceed under Discovery Control Plan No. 2.

**2. PARTIES**

Plaintiff is an individual who resides in Hidalgo County, Texas.

Defendant is a company which is duly licensed in the State of Arkansas, and doing business in Hidalgo County, Texas at the time of the incident made the subject of this lawsuit. Defendant has been served with process with its registered agent CT Corporation System.

**3. JURISDICTION**

The defendant is amenable to service of process by a Texas court.

This court has jurisdiction over the controversy because the incident made the basis of the suit occurred in Texas, and since plaintiff's damages are within the Court's jurisdictional limits.

245195- POPPage 1


EXHIBIT A

**4. VENUE**

Venue is proper in Hidalgo County, Texas because the incident made the basis of this suit occurred in that county.

**5. FACTS**

On August 10, 2019 when Plaintiff was visiting the SAM'S CLUB located at 7601 North 10th Street in McAllen, Texas for the purpose of shopping. Plaintiff entered Defendant's property at the invitation of Defendant to engage in the act of purchasing merchandise. As Plaintiff entered a walk-in cooler for customers, there was water condensation on the floor causing Mr. Pena-Gonzalez to slip and fall causing him several injuries.

As a result of Plaintiff's incident, he sustained physical injuries to his body. Plaintiff's pain is and continues to be sharp, constant and severe. The effect of his injuries are permanent in nature, and in reasonable probability, Plaintiff will suffer for a long time into the future if not for the balance of his natural life.

**6. NEGLIGENCE**

At all times herein, Defendant owned the property located on at 7601 North 10th Street in McAllen, Texas. At all times mentioned herein, Defendant, **SAM'S EAST INC., D/B/A "SAM'S CLUB" (hereafter "Sam's East Inc.")**, owed certain duties to Plaintiff, breach of which proximately caused his injuries set forth herein. The condition existed despite the fact that Defendant, SAM'S EAST INC., its agents, representatives and/or servants know or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff.

Further, Plaintiff would show that the condition of the cooler had continued for such a period of time that had Defendant, SAM'S EAST INC., its agents, representatives and/or

servants exercised ordinary care in the maintenance of the area, it would have been noticed and corrected by such persons.

At all times pertinent herein, Defendant, SAM'S EAST INC., its agents, representatives and/or servants were acting in the course and scope of their employment with Defendant, SAM'S EAST INC., were guilty of negligent conduct toward the Plaintiff in the following manner:

- In failing to properly inspect and maintain the area in question to discover the dangerous condition;
- In failing to maintain the area in a reasonably safe condition;
- In failing to give adequate warning to Plaintiff of the unsafe condition of the area;
- In failing to discover the unsecured area in Defendant's premises within a reasonable time.

Each of the foregoing acts of negligence was a proximate cause of Plaintiff's resulting injuries and damages.

The evidence will further show that because of Defendant's negligence, Plaintiff's resulting injuries and damages were proximately caused by some one or more, but not limited to the following acts of negligence on the part of Defendant:

- In failing to use ordinary care in supervising its employees;
- In failing to use ordinary care in training its employees on the proper manner in which to maintain Defendant's area free of unsafe conditions on its premises.

Each of the foregoing acts of negligence was a proximate cause of Plaintiff's resulting injuries and damages.

## 7. DAMAGES

Upon trial of this case, it will be shown that Plaintiff EDGAR ANDRES PENA-GONZALEZ was caused to sustain injuries and damages as a proximate result of Defendant's negligence and Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages, losses incurred and to be incurred.

From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

- The physical pain that Plaintiff suffered from the date of the incident in question up to the time of trial;
- The mental anguish that Plaintiff suffered from the date of the incident in question to the time of trial;
- The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the incident in question up to the time of trial; and

- The physical impairment suffered by Plaintiff from the date of the incident in question up to the time of trial.

From the time of trial of this case, the elements of damages to be considered which Plaintiff will sustain in the future beyond the trial are such of the following elements of damages as will be shown by a preponderance of the evidence upon trial of this case:

- The physical pain that Plaintiff will suffer in the future beyond the time of trial.

- The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

- The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial.

- The physical impairment suffered by Plaintiff in the future beyond the time of trial.

Because of all the above and foregoing, Plaintiff has been damaged in the sum of $1,000,000.00 for which sum said Plaintiff now brings suit.

Plaintiff reserves the right to amend the above monetary amounts after the full nature and extent of Defendant's negligence and Plaintiff's injuries and damages have been determined through the completion of Plaintiff's discovery.

**8. PREJUDGEMENT INTEREST**

Plaintiff seeks pre-judgment interest on the past damages found by the trier of fact.

**9. JURY DEMAND**

Plaintiff demands a trial by jury and shall tender the jury fee.

**10. REQUEST FOR DISCLOSURE / DISCOVERY**

Pursuant to Rule 194, Tex. R. Civ. Proc., defendant is requested to disclose, within 50-days of service of this request, the material and information described in Tex. R. Civ. Proc. 194.2 (a)-(l). In addition to the content subject to disclosure under Rule 194.2, the defendants are requested to disclose all documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. Plaintiff's written interrogatories and request for production to defendants are served with this petition, and are attached to the pleading as EXHIBITS A-B.

## P R A Y E R

WHEREFORE, plaintiff prays that, on final trial, he have:

1. Judgment against defendant for damages in a sum in excess of the minimum jurisdictional limits of the court, not to exceed $1,000,000;
2. Pre-judgment interest;
3. Post-judgment interest;
4. Costs of suit;
5. All such other relief, at law or at equity, to which plaintiff may show himself to be entitled.

Respectfully submitted,

LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.

_____
Ezequiel Reyna, Jr.
State Bar No. 16794798
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone / (956) 969-4171 Fax

ATTORNEY FOR PLAINTIFF